IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kelli Dudley, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Ernest Fenton, Law Office of | ) | |
| Ernest B. Fenton, P.C., William | ) | |
| Moore, Brandon Loggins, Kendall | ) | |
| Anderson, Brian Snyder, and | ) | |
| Clarence Butler, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES RESULTING FROM VIOLATION OF THE FAIR HOUSING ACT AND FOR OTHER RELIEF**

Plaintiff Kelli Dudley is an attorney who represented her client, Tonya Davis, in a lawsuit pursuant to the Fair Housing Act against Defendants Ernest B. Fenton and the Law Office of Ernest B. Fenton, P.C. As a direct result of her fair housing advocacy for Ms. Davis, Ms. Dudley has experienced retaliation, interference, and intimidation at the hands of the Fenton Defendants. While it is impossible to actually intimidate Ms. Dudley, Defendants did retaliate against her, causing her emotional damage and expense, and interfered with her efforts to vindicate Ms. Davis' rights under the Fair Housing Act, 42 U.S.C. § 3604 *et seq*. Specifically, the interference took the form of preventing Ms. Dudley from talking to her client, Ms. Davis, for nearly 16 months as the result of a preliminary injunction obtained from a state circuit court branch located in Markham, Illinois, even though the case was removed to Federal court. See *Fenton v. Dudley*, 761 F.3d 770, 772 (7th Cir., 2014). Defendants' hopes to exercise undue influence over the judiciary due to Fenton's hosting of a Markham judge's fundraisers and advertising them on his

1

website (www.attorneyernestfenton.com, last accessed 12/16/2015) were dashed by Cook County Circuit Court Judge, The Honorable Robert J. Clifford. He entered sanctions against the Fenton defendants for proceeding in state court while the case was on removal, and, after allowing at least three attempts to state a cause of action, dismissed Fenton's case with prejudice on December 11, 2015.

I. PARTIES AND JURISDICTION

1. Plaintiff, Kelli Dudley is an attorney admitted to practice law in the State of Illinois and operates the Law Office of Kelli Dudley.

2. Ernest Fenton (collectively, with the Law Office of Ernest B. Fenton, P.C., Defendants), is an attorney admitted to practice in the State of Illinois and is the President of the Law Office of Ernest B. Fenton, P.C.

3. The Law Office of Ernest B. Fenton is located in Homewood, Cook County, Illinois.

4. The Law Office of Ernest B. Fenton, P.C. is registered with the Secretary of State as an Illinois corporation.

5. Tonya Davis, a non-party to this action, is an Illinois resident who hired Ms. Dudley to represent her interests against Defendants. Ms. Dudley selected Andrew Sidea to serve as her co-counsel in the case. Ms. Davis' race is African-American. When she hired Mr. Fenton, she lived in a zip code, 60438, where 31.1 percent of the residents were African-American according to the 2010 United States Census, http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?src=CF (last accessed 10/29/2014).

6. Defendant William Moore (Defendant Moore) is an attorney with an office in Markham, Illinois. It is located across from a Municipal branch state court in Markham. Mr. Moore has appeared in Court to argue the Fenton Defendants' case against Dudley in Markham. When confronted, he stated before the court that he worked for Mr. Fenton. However, despite his direct representations to the contrary made to the Honorable Robert J. Clifford, his office is visible upon exit from the courthouse. Further, he is not listed as an employee of Mr. Fenton on Mr. Fenton's website. He is registered with the Illinois Attorney Registration and Disciplinary Commission at his own office on Kedzie in Markham.

7. Defendant Clarence Butler is an attorney with an office in Chicago, Illinois. Mr. Butler appeared in Federal court many times and, on information and belief, drafted motions for sanctions against Ms. Dudley in *Davis v. Fenton*.

8. Defendant Kendall Anderson (Defendant Anderson) was an attorney employed by the Fenton Defendants. He has appeared in court and electronically filed pleadings in the case against Ms. Davis' attorneys. On information and belief, he assisted in the drafting of a complaint that included a conversion count previously stricken with prejudice and attempted to cure a defamation count that was ruled insufficient by relabeling it as a "civil conspiracy." Mr. Anderson is listed at a separate address on www.iardc.org, but remains listed as an attorney on Mr. Fenton's website.

9. Defendant Brandon Loggins (Defendant Loggins) is an attorney formerly employed by the Fenton Defendants. He is listed on the IARDC website as working in Homewood, Illinois. He has appeared in state and Federal court multiple times in the case against Ms.

Davis' attorneys. He argued before the Seventh Circuit Court of Appeals. In the state court case, he submitted an affidavit stating Ms. Dudley made defamatory statements about the Fenton Defendants in an Illinois State Bar Association training. In fact, Ms. Dudley made no such statements. The affidavit was false. The session was recorded, and Ms. Dudley has the recordings.

10. Defendant Brian Snyder (Defendant Snyder) is an attorney formerly employed by the Fenton Defendants. His registration with the IARDC still reflects employment with Mr. Fenton, but he is not listed on the firm website. On information and belief, he lives at 552 Country Lane, Beecher, Illinois 60401. He has appeared in state and Federal court multiple times in the case against Ms. Davis' attorneys. He signed a letter directed to Ms. Dudley telling her that she could either dismiss *Davis v. Fenton* or face a lawsuit against herself and Mr. Sidea. **Exhibit A**—Snyder Correspondence.

11. Defendants Ernest Fenton and the Law Office of Ernest B. Fenton, P.C. advertise and hold themselves out to defend mortgage foreclosure actions on behalf of consumers like Ms. Davis, who has sued Defendants for violating her rights under the Fair Housing Act. The case, *Davis v. Fenton*, is pending in this District as 13 C 3224. Ms. Davis won a arbitration award that was confirmed and entered by the Honorable Ruben Castillo; the Fenton Defendants have filed a Seventh District appeal of dubious merit and even more dubious timeliness.

II. FACTS

12. Ms. Davis fell behind on mortgage payments, received paperwork indicating her property was subject to foreclosure, and hired Defendants to defend her mortgage foreclosure

4

lawsuit. Ms. Davis made payments to Mr. Fenton in the sum of over $8,000.00. Mr. Fenton utterly failed to effectively defend Ms. Davis in the foreclosure action. Ms. Davis lost her home to foreclosure, incurred a personal deficiency judgment (personal debt) in the foreclosure action, and she was evicted from her home along with her minor children. In fact, before Mr. Fenton's involvement, a judgment with a much lower personal deficiency had been entered against Ms. Davis. Mr. Fenton not only failed to effectively take a few elementary steps required to modify Ms. Davis' mortgage loan, his bungling and neglect actually caused her to incur a higher personal deficiency judgment.

13. Ms. Davis hired Ms. Dudley to assert her rights against Mr. Fenton, including her rights under the Fair Housing Act.

14. Ms. Dudley filed *Davis v. Fenton* on behalf of her client, Ms. Davis. **Exhibit B, *Davis v. Fenton* Complaint**. Specifically, the Complaint alleged that Defendants targeted Ms. Davis and other similarly-situated persons on account of race by applying a reverse-redlining scheme to proffer sub-standard foreclosure "defense" service to those living in predominantly African-American neighborhoods.

15. Defendants, in retaliation, then filed at least one motion for sanctions in *Davis v. Fenton*. **Exhibit C—Motion for Sanctions, *Davis v. Fenton***. The request for sanctions was frivolous and was filed only to retaliate against Ms. Dudley for representing Ms. Davis in her Fair Housing Act case against Defendants. In fact, Defendants did not even come to court on the day for which they noticed the motion and did not place any courtesy call to counsel or to the Honorable Judge Ruben Castillo to indicate they were not proceeding on

5

their motion. Defendants have since filed multiple, equally frivolous request for sanctions in the Federal case against them.

16. In a bald attempt to intimidate Ms. Dudley, Defendants filed a Complaint against her in the Circuit Court of Cook County. It was filed on June 3, 2013. This was less than two months after *Davis v. Fenton* was filed. **Exhibit D—Complaint, *Fenton v. Dudley***.

17. The actions described above—seeking sanctions against Ms. Dudley and suing her directly—were done to retaliate against her for representing Ms. Davis in her actions against Defendants and to intimidate her from continuing to pursue Ms. Davis' Fair Housing Act claims. This retaliation and intimidation violated the Fair Housing Act's prohibition of retaliation and intimidation, 42 U.S. C. 3617.

18. The Complaint filed against Ms. Dudley was never served upon her. Instead, a notice of motion concerning a Temporary Restraining Order was mailed to Ms. Dudley on July 8, 2013. Ms. Dudley's co-counsel, also a defendant in the *Fenton v. Dudley* state court action, Mr. Sidea, obtained copies of the Complaint by buying a copy from the Cook County Clerk of Court.

19. Ms. Dudley removed the case of *Fenton v. Dudley* to Federal Court. She filed Notice of Removal in the Circuit Court of Cook County and hand-delivered copies to Defendants and to the Presiding Judge in the Circuit Court of Cook County at Markham.

20. Even though the state court Judge, The Honorable Loretta Edie-Daniels, knew of the Removal and the fact it deprived the state court of jurisdiction, she entered a Preliminary Injunction (PI) against Ms. Dudley. **Exhibit E—State Court Order I**. The PI forbade Ms. Dudley from talking to her own client, Ms. Davis, who is included in the broad

sweep of former or current clients of Defendants. It prohibited her from talking to Mr. Sidea, who is likewise included in a broad swath of former and current employees of Defendants. She was restrained, in plain violation of the First Amendment to the Constitution of the United States of America, from talking to unspecified non-profits and community groups about her representation of those hurt by unscrupulous foreclosure "defense" attorneys. *Id*.

21. Defendants filed a Motion for Remand. In the Motion, they sought sanctions against Ms. Dudley (wrongfully citing a state rule rather than a Federal rule allowing sanctions, like Rule 11). Specifically, they sought to punish Ms. Dudley for conducting investigation and discovery related to Ms. Davis' fair housing case and for bringing the case against them. The Motion for Sanctions characterized Ms. Dudley as "unethical" for conducting discovery, a reference to the lawful subpoena that resulted in Codilis & Associates producing a list of foreclosure defendants represented by Mr. Fenton. **Exhibit F**. The list contains information that is also contained in the public records of the Clerk of Court.

22. Despite mischaracterizing Ms. Dudley as "unethical" for conducting discovery to obtain the client list, Defendants failed to dismiss any part of their lawsuit against Ms. Dudley, even after finding out the true origin of the client list, the subpoena mentioned in Paragraph 21. Most counts are based in large part on an entirely false allegation that Mr. Sidea stole a client list and Ms. Dudley used the stolen list to contact former and current clients of Defendants. **Exhibit B**.

23. In July 2014, months after removal and after Defendants were informed many times that the state court lost jurisdiction upon removal, they went to state court again to "modify"

the Order against Ms. Dudley. She was to be allowed to contact Ms. Davis, but would have to rely on Defendants to produce information and witnesses adverse to themselves in preparation for an approaching arbitration. **Exhibit G—State Court Order II**.

24. Through this time, Defendants, including the Fenton defendants as well as Defendants Snyder, Loggins, and Butler, urged the *Davis v. Fenton* matter through to arbitration, attempting to interfere with Ms. Dudley's ability to assist Ms. Davis to vindicate her fair housing rights by holding an arbitration hearing while Ms. Dudley could not talk to her client, co-counsel, or witnesses.

25. During the arbitration, Defendant Clarence Butler verbally degraded Ms. Dudley numerous times. For example, on an occasion where Ms. Dudley had to forego lunch to read documents Defendant Butler had made available only moments before despite discovery having been conducted many months before the arbitration, Defendant Butler commented within earshot of Ms. Dudley's client that now he would "have to watch her eat." Rather than addressing objections to the arbitrator, he chided Ms. Dudley directly when he considered questions problematic and even interrupted Ms. Dudley examination of Mr. Fenton to insist Ms. Dudley remove her food, eaten in haste due to his neglect of his client's case, from the table.

26. Defendant Butler verbally assaulted Ms. Dudley in the hallway of the Markham courthouse, shouting that he was not talking to her (even though she is, and always has been, Ms. Davis' lead counsel) when she attempted to speak to him about a threatening letter he sent in an attempt to intimidate her co-counsel, Paul Luka, from pursuing fair

8

housing advocacy. The verbal barrage took place in front of litigants, lawyers, and the public.

27. Defendant Snyder, on information and belief, is the attorney who presented the motion for injunctive relief against Ms. Dudley in the Markham branch circuit court even though the case was removed. He sent Ms. Dudley email (**Exhibit H**) message stating he would go forward with this act even when he knew it was legally prohibited. He also signed a letter to Ms. Dudley threatening Ms. Dudley and her co-counsel with a lawsuit if they persisted in their fair housing lawsuit on behalf of Ms. Davis. Mr. Snyder and the Fenton Defendants ultimately made good on this threat, filing a state court case in a far-flung Markham branch court against Ms. Dudley and obtaining an injunction that kept her from speaking to her fair housing client for just shy of 16 months. **Exhibit A**.

28. Defendants Loggins and Moore participated in the Markham state court case against Ms. Dudley. Defendant Loggins filed and argued a motion for sanctions against Ms. Dudley and her co-counsel for removing the retaliatory case against them from Markham to Federal court. On information and belief, he drafted numerous pleadings. He also signed an affidavit falsely accusing Ms. Dudley of making defamatory statements against the Fenton defendants in an ISBA training session. Defendant Moore appeared numerous times in the retaliatory Markham case, stating that he worked for Defendant Law Office of Ernest B. Fenton even though his own law office is visible across the street from the Markham courthouse.

### III. DEFENDANTS VIOLATED THE FAIR HOUSING ACT'S PROHIBITION ON INTIMIDATION, INTERFERENCE, AND RETALIATION, 42 U.S.C. § 3617

29. Ms. Dudley was assisting or encouraging Ms. Davis to pursue her rights under the Fair Housing Act when she was sued by Defendants, when Defendants obtained and modified the PI, and when Defendants sought sanctions against her. All of these acts were done in retaliation for Ms. Dudley's representation of Ms. Davis in her Fair Housing Act case. Further, these acts were done to intimidate Ms. Dudley from continuing to assist Ms. Davis to vindicate her fair housing rights under 42 U.S.C. § 3604 *et seq*. Defendants' acts violate 42 U.S.C. § 3617.

30. 42 U.S.C. § 3617 provides:

    "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

31. Ms. Dudley had to be able to talk to her own client, co-counsel, and witnesses to prepare for arbitration and to represent Ms. Davis at the arbitration which, in part, was anticipated to involve her fair housing claim. Defendants' actions in hurrying the matter toward arbitration while she could not do so were done to interfere with her ability to represent Ms. Davis at the arbitration and to hamper her ability to prepare for the arbitration. These acts were in violation of 42 U.S.C. §3617.

32. Ms. Dudley had to hire an attorney, pay costs, and use her own time as an attorney to defend the lawsuit. She has suffered severe emotional distress and been unable to tend to clients who pay fees in their respective law offices, making it impossible for her to earn a living. Ms. Dudley founded a legal clinic, Resistance Legal Clinic, in April 2013. Defendants began their campaign of retaliation against her months later, and she has been

largely unable to operate the clinic to fulfill its intended mission of providing free, accurate legal advice to people facing foreclosure and related legal challenges.

33. Ms. Dudley has suffered a severe loss of standing in the legal community due to her unavailability for projects and Defendants' actions to detract from her reputation.

34. The Circuit Court of Cook County sitting in Markham has recognized Defendants' inappropriate behavior in pursuing the PI while the case was on removal and has entered sanctions, the sum of which will be announced in January 2016. The sum is anticipated largely to reimburse Robert Newman for his work filling in as counsel for Ms. Dudley when she could not speak to Tonya Davis.

>WHEREFORE, Plaintiff, Kelli Dudley, prays this Honorable Court award in her favor and against each Defendant, jointly and severally, actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate.

## IV. JURY DEMAND

Ms. Dudley demands trial by jury of all claims so triable.

>Respectfully Submitted,
>
>/s/ Kelli Dudley
>
>Kelli Dudley

Kelli Dudley/Law Office of Kelli Dudley
1658 Milwauke, #100-8377
Chicago, Illinois  60647
(312)771-9770
attorneykelli@sbcglobal.net
Identification Number:  6279068