IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kelli Dudley, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| | ) | Case No.15cv11555 |
| Ernest Fenton, Law Office of | ) | |
| Ernest B. Fenton, P.C., William | ) | Assigned   Judge Honorable James B. Zagel |
| Moore, Brandon Loggins, Kendall | ) | |
| Anderson, Brian Snyder, and | ) | Designated |
| Clarence Butler, | ) | Magistrate  Judge Honorable  Young Kim |
| | ) | |
|    Defendant. | ) | |

**AMENDED**
**DEFENDANT ATTORNEY BUTLER'S MOTION TO DISMISS ATTORNEY PLAINTIFF DUDLEY'S PRETEXTUAL RETALIATORY COMPLAINT FOR DAMAGES ALLEGEDLY RESULTING FROM VIOLATION OF THE FAIR HOUSING ACT; MOVES FOR DISMISSAL OF THE COMPLAINT FOR FAILURE TO ESTABLISH SUBJECT MATTER JURISDICTION AS DUDLEY'S ALLEGATIONS AGAINST BUTLER DO NOT PRESENT A FEDERAL QUESTION AND THUS LACK SUBJECT MATTER JURISDICTION AS WELL AS FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) AND SAID COMPLAINT HAS BEEN FILED IN RETALIATION AGAINST BUTLER FOR  HIS ARBITRATION  DEFENSE AND REPRESENTATION OF ATTORNEY FENTON  WHEREUPON FENTON PREVAILED ON ALL FEDERAL CLAIMS, INCLUDING FAIR HOUSING  ACT CLAIMS**

*Defendant Attorney Clarence Butler Jr., hereby files this Amended Motion To Dismiss, in this cause of action due to just discovering that on March 3, 2016, he inadvertently clicked on and mistakenly selected for submission, an unfinished, unedited, early extremely rough draft version of this document, instead of clicking and selecting for submission the intended final edited version of this motion during the electronic  filing process. Accordingly, counsel apologizes for any inconvenience caused by this error. Consequently, the original intended final edited version of this motion is hereby submitted and now captioned as Amended Defendant Butler's Motion …*

Defendant Attorney Clarence Butler Jr., as counsel representing himself in this cause,

respectfully request, pursuant to the Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)

that the Court dismiss Plaintiff, Attorney Kelli Dudley's Pretextual Complaint in its entirety. Based on the reasons set forth herein, Defendant Butler hereby request that this Honorable Court dismiss: (1) all counts of the Complaint under Rule 12(b)(6) for Plaintiff Dudley's failure to state a claim against Defendant Butler upon which relief can be granted; and (2) dismiss the Complaint under Rule 12(b)(1) based on a lack of subject matter jurisdiction, as Plaintiff Dudley has failed to present a federal question beyond ineffective conclusory assertions; and (3) Plaintiff, Attorney Kelli Dudley's Pretextual Complaint has been brought in retaliation against Attorney Clarence Butler Jr., based on his arbitration defense and representation of Attorney Ernest B. Fenton whereupon he prevailed on all Federal Claims, including the Fair Housing Act Claims.

## BACKGROUND/ CHRONOLOGY

*1.* On April 30, 2013, Tonya Davis in the original federal lawsuit *(13-cv-3224 Davis v. Fenton et al)* now pending before Chief Judge Castillo, filed allegations that Fenton and his Law Firm failed to provide adequate legal representation during her foreclosure proceedings because she is African American and furthermore, contended that African-American and Harvard Law School educated Attorney Ernest B. Fenton's alleged discriminatory conduct is part of a broader pattern of "recruit[ing] clients on the basis of race and national origin." (Com pI. at 11,13,14,16, *Davis v. Fenton,* No. 13-CV-3224.) According to the complaint, Ms. Davis consulted with Attorney Fenton on September 25, 2010 and signed a retainer agreement that required Fenton to represent Davis in a mortgage foreclosure proceeding related to her residence. *(Id.* ~~ 11, 13-15.) Then, instead of providing adequate legal services to combat the foreclosure proceeding, Ms. Davis alleges, Fenton filed an appearance on November 1, 2010 but "filed nothing else on [her] behalf for almost one year." *(Id.* ~ 18.) As a result, she claims, in January 2011, the state court entered a judgment of foreclosure and sale. *(Id.* ~~ 19-20.) In her malpractice and civil rights case against

Fenton, Ms. Davis sought to recover damages resulting from the alleged inadequate legal services provided, the foreclosure of her home, and her subsequent eviction from her residence. *(Id.* ~ 31.) (Exhibit 1-Court Docket-*Davis v. Fenton,* No. 13-CV-3224.)

2.  On July 3, 2013, Fenton moved to stay the litigation and compel arbitration; via motion before the Honorable United States District Court Chief Judge Castillo. (Defs.' Mot. to Stay Civil Action Referable to Arbitration [14], *Davis v. Fenton,* No. 13-CV-3224.)

3.  Also on July 3, 2013, Fenton filed a lawsuit in the Circuit Court of Cook County against Defendants Dudley and Sidea, the attorneys who then represented Davis in the case before Chief Judge Castillo. Seeking damages and injunctive relief, Fenton alleged that Defendants unlawfully accessed privileged attorney client information, made slanderous statements about him and the services he provided, and discouraged other potential clients from retaining him. (Pl.'s Compl., Ex. 1 to Defs.' Am. Notice of Removal [16], ~~ 9, 11, 12.) Though Dudley and Sidea filed their Notice of Removal on July 14, 2013 (Defs.' Notice of Removal [1]), the Circuit Court of Cook County granted Fenton's motion for preliminary injunctive relief three days later: on July 17, 2013, the Circuit Court enjoined Dudley and Sidea from misusing privileged information, from disparaging Fenton, and from contacting Fenton's current and former clients. (Order Granting Pl.'s Prelim. Inj., Ex. 4 to Defs.' Am. Notice of Removal.) Fenton asked the court to remand the case to the Circuit Court. Defendants Dudley and Sidea oppose the motion, and, for their part, asked the court to dismiss the complaint against them for failure to state a claim and for lack of jurisdiction.

4.  On September 16, 2013 – Plaintiff's First Amended Complaint filed in Case #13-3224 which alleged: violation of the Fair Housing Act (FHA) §3601 *et seq.*; prohibition of intimidation, retaliation and interference under FHA §3617; violation of the Civil Rights Act §§1981 and 1982; breach of contract; and breach of fiduciary duty.

3

5.   On January 3, 2014 United States District Judge Pallmeyer in *No. 13C 5019 Ernest Fenton, Law Office Of Ernest B. Fenton P.C. v. Kelli Dudley; The Law Office Of Kelli Dudley; Andrew Sidea and The Law Office Of Andrew Sidea P.C*. issued a *Memorandum Opinion and Order* **granting** Plaintiffs' (Law Office of Ernest B. Fenton et al's) **motion to remand.** [14] Defendants' motion to dismiss [21] was stricken without prejudice. The court advised it would send a copy of the opinion to Chief Judge Castillo.

6.   On February 7, 2014 –Chief Judge Castillo, granted Fenton's request to Stay Arbitration and administratively dismissed the instant case without prejudice and subject to full reinstatement following required arbitration[35].

7.   On June 24, 2014, Clarence Butler Jr. filed his appearance in *Davis v. Fenton et al 13cv3224* as one of the trial attorneys for Ernest Fenton for purposes of serving at trial during the arbitration proceedings. (Exhibit 3)

8.   In January 2015 arbitration proceedings commenced, wherein Attorney Butler served as one of Fenton's trial counsel, along with Attorney Brandon Loggins, a then employee with the Law Office of Ernest Fenton. Attorney Butler has never been an employee of the Law Office of Ernest Fenton, and at all times relative herein has maintained the Law Office of Clarence Butler Jr., 150 N. Michigan Avenue, Suite 2800, Chicago, Illinois 60601.

9.   On February 3, 2015- An arbitration award was entered by Arbitrator John Monical *(Exhibit 2)*, disposing of plaintiff's claims as follows:  Count I – violation of FHA §3601 – **denied in its entirety** ; Count II – violation of the Civil Rights Act §§1981 and 1982 – **denied in its entirety**; Count III – breach of fiduciary duty (legal malpractice – **granted**; Count IV – breach of contract – **granted**; Count V – prohibition of intimidation, retaliation and interference under FHA §3617 – **denied in its entirety**; and Count VI- violation of the Consumer Fraud Act

(we note that this was a new claim inserted in the arbitration proceedings and was not previously included in plaintiff's original or amended complaints before this Court) – **denied in its entirety**. A monetary damages award was entered on the granted claims (legal malpractice and breach of contract). Fenton prevailed as to all of the Federal Claims.

10. On February 20, 2015- Defendant Law Office of Ernest Fenton filed a Motion to Clarify and Correct the Arbitration Award;

11. On March 25, 2015- Arbitrator Monical entered an amended award, which modified plaintiff's damages.

12. On June 24, 2015- Defendant Law Office of Ernest Fenton filed a Petition to Vacate the Arbitration Award in the Illinois Circuit Court of Cook County (filed under case # 2015 M6 05294), with notice given to plaintiff's counsel via first class mail on July 7, 2015.

13. On August 12, 2015, Clarence Butler Jr. filed his Appearance As Trial Counsel, as one of the trial attorneys for Ernest Fenton (Exhibit 7) limited to Arbitration Proceedings in response to the June 24, 2015- Defendant Law Office of Ernest Fenton filed Petition to Vacate the Arbitration Award.

14 On September 15, 2015, Clarence Butler Jr.'s filed August 28, 2015 Motion To Withdraw as Trial Counsel, was granted by Circuit Court Judge Camille Willis, Markham Division. (Exhibit 8)

15. On October 20, 2015, Clarence Butler Jr. filed his Motion To Withdraw[78] in Davis v. Fenton et al 13cv3224 as one of the trial attorneys for Ernest Fenton and said withdrawal was granted by Chief Judge Castillo on October 21, 2015.

16. On December 22, 2015, Attorney Kelli Dudley filed a Pretextual Complaint listing herself as Plaintiff, against Ernest Fenton and the former defense counsels for Attorney Fenton.

Attorney Clarence Butler Jr., was named as a Defendant in said Pretextual Complaint, accused of retaliating against Kelli Dudley and interfering with her efforts to vindicate Ms. Davis's rights under the Fair Housing Act, when in fact the complaint is an orchestrated pretext design to retaliate against Attorney Clarence Butler Jr., for his arbitration defense and representation of Attorney Ernest B. Fenton, whereupon Fenton prevailed on all Federal Claims, including those claims involving alleged Fair Housing Act violations.

## INTRODUCTION

**DEFENDANT ATTORNEY BUTLER'S MOTION TO DISMISS ATTORNEY PLAINTIFF DUDLEY'S PRETEXTUAL RETALIATORY COMPLAINT FILED IN RETALIATION AGAINST ATTORNEY BUTLER FOR HIS ARBITRATION DEFENSE AND REPRESENTATION OF ATTORNEY FENTON WHEREUPON FENTON PREVAILED ON ALL FEDERAL CLAIMS, INCLUDING THE FAIR HOUSING ACT CLAIMS**

## ISSUES PRESENTED

Attorney Plaintiff Kelly Dudley's Retaliatory Pretextual Complaint against attorney Clarence Butler Jr rest essentially on five flawed allegations contaminated with material misrepresentations. These five allegations are contained with Complaint Paragraphs 1, 7, 24, 25 and 26 respectfully and accordingly are repeated herein.

1. Defendants representing Defendant Ernest Fenton, allegedly retaliated, interfered, and intimidated Attorney Dudley in her efforts to vindicate her client Tonya Davis's rights under the Fair Housing Act, 42 United States Code Section 3604, by obtaining a Preliminary Injunction from the State Circuit Court Branch in Markham, Illinois. Attorney Plaintiff Dudley further alleges the Preliminary Injunction allegedly prevented Plaintiff Attorney Dudley from speaking with her client for 16 months.(Complaint Paragraph 1)

2. Defendant Clarence Butler is an attorney with an office in Chicago, Illinois. Mr. Butler appeared in Federal court many times and, on information and belief, drafted motions for sanctions against Ms. Dudley in *Davis* v. *Fenton.* (Complaint Paragraph 7)

3. Through this time, Defendants, including the Fenton defendants as well as Defendants Snyder, Loggins, and Butler, urged the *Davis v. Fenton* matter through to arbitration, attempting to interfere with Ms. Dudley's ability to assist Ms. Davis to vindicate her fair

housing rights by holding an arbitration hearing while Ms. Dudley could not talk to her client, co-counsel, or witnesses.(Complaint Paragraph 24)

4.      During the arbitration, Defendant Clarence Butler verbally degraded Ms. Dudley numerous times. For example, on an occasion where Ms. Dudley had to forego lunch to read documents Defendant Butler had made available only moments before despite discovery having been conducted many months before the arbitration, Defendant Butler commented within earshot of Ms. Dudley's client that now he would "have to watch her eat." Rather than addressing objections to the arbitrator, he chided Ms. Dudley directly when he considered questions problematic and even interrupted Ms. Dudley's examination of Mr. Fenton to insist Ms. Dudley remove her food, eaten in haste due to his neglect of his client's case, from the table.(Complaint Paragraph 25)

 5.      Defendant Butler verbally assaulted Ms. Dudley in the hallway of the Markham courthouse, shouting that he was not talking to her (even though she is, and always has been, Ms. Davis' lead counsel) when she attempted to speak to him about a threatening letter he sent in an attempt to intimidate her co-counsel, Paul Luka, from pursuing fair Housing Act advocacy. (Complaint Paragraph 26)

## ANALYSIS

Accordingly, the *Issues Presented* will be addressed in accordance with the numerical sequence in which they appear in Dudley's Pretextual Complaint.

### *First Issue*
### I

*Attorney Plaintiff Dudley's Material Misrepresentation Falsely Alleging Defendants Participated In Obtaining A July 17 2013 State Court Preliminary Injunction, In Retaliation For Dudley Pursuing Her Client, Tonya Davis's Rights Under The Fair Housing Act, When Court Orders And Court Documentation Exhibits Establish That Clarence Butler Jr., Never Participated In Or Became Aware Of Any State Court Preliminary Injunction As Clarence Butler Jr., Did Not Even File His Appearance In Davis's Case Until 11 Months Later On June 24, 2014, Therefore Warranting His Dismissal From Dudley's Pretextual Complaint In Its Entirety As The Misrepresentations Were Made In Furtherance Of Supporting Dudley's Retaliatory Pretextual Complaint Pursuant To Due Process Considerations, As Well As Federal Rules Of Civil Procedure 12 (b)(6) And 12(b)(1) Due To A Lack Of Subject Matter And Federal Question Jurisdiction.*

### *Introduction /Preliminary Injunction*

1.      Attorney Plaintiff Kelli Dudley's Fair Housing Act Pretextual Retaliation Complaint 15cv11555,should be dismissed as Dudley's claims are conclusively refuted by court docket

documentation as to Attorney Clarence Butler Jr as chronicled and delineated within the Background/Chronology Section supra.

### *Second Issue*
### II

*Attorney Plaintiff Dudley's Material Misrepresentation Falsely Alleging Defendants Participated In A Judicial Fundraiser In The Hope Of Exercising Undue Influence Over The Judiciary, In Retaliation Against Attorney Dudley For Filing An Action On Behalf Of Tonya Davis For Fair Housing Act Violations, Is Pretextual, False, Inflammatory, Irresponsible And Impugns The Integrity And Professionalism Of Both The Judiciary And Attorney Butler*

1.      Again as the Background /Chronology conclusively refutes Dudley's pretextual allegation as Attorney Clarence Butler had not even filed an appearance relative to the Davis case. Furthermore, Dudley's failure to plead factual identifying specificity, highlights the pretextual nature of the Complaint and demonstrates the lack of legal sufficiently to support retaliation activity to effectuate subject matter, federal question and pleading requirements enunciated in the Federal Rule of Civil Procedure and thus dismissal is proper pursuant to 12(b)(6) and 12 (b)(1) as to Attorney Butler. Equally importantly, Dudley has failed to plead with articulable specificity via particular facts disclosing the nature and type of alleged undue influence that Butler allegedly possesses, and those members at the judicial fundraiser who were particularly susceptible and vulnerable to his influence, if the allegation in the Complaint is not pretextual.

### *Third Issue*
### III

*Based On The Material Misrepresentation And False Allegation Assertion By Attorney Plaintiff Kelli Dudley, Claiming Butler Jr., Urged The Arbitration Through The System As A Measure Of Retaliation, When The Honorable Judge Ruben Castillo Ruled And Stayed The Davis Matter For Arbitration On February 7, 2014 As Documented In Court Orders And Documentation, Prior To Attorney Butler Jr., Filing His Appearance In The Davis Case On June 26, 2014, Whereupon Fenton Ultimately Prevailed On All Federal Claims During The January 2015 Arbitration Therefore Warranting His Dismissal From Dudley's Pretextual Complaint In Its Entirety As The Misrepresentations Were Made In Furtherance Of Supporting Dudley's Retaliatory Pretextual Complaint*

1.     Either unfortunately or regrettably Complaint Paragraph Number 24 appears very troubling for Attorney Dudley. Attorney Dudley cited as the basis for her Pretextual Complaint against Butler, that Butler urged the <u>Davis v. Fenton</u> matter through to arbitration in an attempt to interfere with Attorney Dudley's ability to assist Ms. Davis to vindicate her Fair Housing Rights. This is a blatantly scurrilous misrepresentation as the following chronology demonstrates.

<u>*Stay Chronology*</u>

- On June 26, 2014, Butler Files His Appearance (Docket [51]
- On February 7, 2014, United States District Court's Chief Judge Ruben Castillo Issued
  An Order Granting Fenton's Motion For A Stay Of Arbitration(Docket [35])
- On July 24, 2013 Response Filed By Davis In Opposition To Fenton's Stay (Docket [17])
- On July 3, 2013 Fenton Filed A Motion To Stay Arbitration (Docket [14]),
- On April 30, 2013 Initial Filing Date Of Tonya Davis's Case (Docket[1])

Long before Attorney Butler ever became aware of these proceedings or became involved in the Davis case for the limited purposes of being one of Attorney Fenton's arbitration trial attorneys, the Honorable United States District Court Chief Judge Ruben Castillo, had heard motions, issued several orders, and had made comprehensive rulings concerning the case, including those concerning arbitration, as the docket illustrates.

A cursory examination of the above Stay Chronology and Exhibit 1 the court docket, discloses Attorney Plaintiff Dudley's blatant misrepresentation as it relates to Butler.

*Attorney Plaintiff Dudley Has Failed To Establish Her Additional Premised Predicate Allegation That Defense Counsels Attempt In Successfully Opposing Dudley's Removal Action Of Fenton's State Court Claim Against Dudley; And Obtaining A January 3, 2014 <u>Memorandum Opinion And Order,</u> From The Honorable United States District Court Judge Pallmeyer, Granting Fenton's Remand Request Was Executed In Bad Faith, By Failing To Plead Articulable Specific Allegations Supporting How And Why Seeking The Remand Was Retaliatory, Intimidating Or An Interfering Act Under The Fair Housing Act*

The following are excerpts from United States District Court Judge Pallmeyers's January 3, 2014 Order, which was issued approximately 6 months prior to Attorney Butler becoming

9

aware of the case or filing his appearance in Davis v. Fenton. Furthermore the complete

Memorandum Opinion / Order is attached.( Exhibit 5) The Order was ruled in Fenton's favor.

"Davis alleges that Mr. Fenton failed to represent her properly in a mortgage foreclosure action in state court. In addition to alleging attorney malpractice, Davis claims that Fenton's conduct as her lawyer violated the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981,1982.. , P.C., Fenton responded to Davis's lawsuit in part by suing Davis's new lawyers in state court. The complaint, filed in the Circuit Court of Cook County, names attorneys Kelli Dudley and Andrew Sidea as Defendants, and seeks recovery under state law theories of conversion, tortious interference with a business relationship, and defamation and slander. Plaintiffs allege that Defendants misused privileged information and have disparaged Plaintiffs, taking potential clients from them. Fenton, Dudley, and Sidea are all Illinois citizens, and all of Fenton's claims arise under state law, but Defendants Dudley and Sidea promptly removed the case to this court, asserting that the court has jurisdiction because the complaint challenges Defendants' conduct in litigating the Fair Housing Act case. Plaintiff Fenton and his firm seek remand. For the reasons explained here, the **motion is granted**."

## DISCUSSION

"When a case that could have been filed in federal court is instead initiated in state court, a defendant may, under some circumstances, remove the case to federal court. 28 U.S.C. § 1441 (a). The removing defendant bears the burden of establishing federal jurisdiction, and in determining whether that burden is met, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 758 (7th Cir. 2009). The question whether the court has federal-question jurisdiction is "governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotations omitted). The fact that a state claim involves a contested federal issue is not by itself sufficient to trigger the federal court's jurisdiction. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Instead, federal jurisdiction over a state-law action "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., lnc., v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). Thus, a case filed in state court arises under federal law when "a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. v. Gonstr. Laborers Vacation Trust for S. Gal., 463 U.S. 1, 9 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441 (e). Where the federal court has original jurisdiction over a civil action, the court can exercise supplemental jurisdiction over all related claims under 28 U.S.C. § 1367(a), but supplemental jurisdiction cannot form an independent basis for removal under § 1441. Syngenta Grop Proi., Inc. v. Henson, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction ... cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441") (internal citations omitted)…"

I. Jurisdiction under 28 U.S.C. § 1331

"Defendants urge, first, that removal is proper under 28 U.S.C. § 1331 because the very purpose of Plaintiffs' complaint is to "block" their efforts to investigate Plaintiffs' alleged violation of the Fair Housing Act in the federal civil rights case. (Def.'s Resp. to Ct. Order [7] at 12.) ...Plaintiff Fenton's claims for conversion, tortious interference with a business relationship, defamation and slander arise solely under state law. Though Fenton's complaint makes brief reference to the pending federal action (Pl.'s Com pi ,-r 13), the complaint neither discusses nor challenges the Fair Housing Act or other federal civil rights provisions. (See id.) **The dispute between Plaintiffs and Defendants does not create a federal question concerning claims "arising under" the laws of the United States…**"

III.     Jurisdiction under 42 U.S.C. § 1367

"Finally, Defendants argue that Plaintiffs' complaint relates to, or forms part of, the same case or controversy as the civil rights case pending in federal court, and therefore, that removal is proper because the court may exercise supplemental jurisdiction over Plaintiffs' state law claims. (Def. 's Resp. to Ct. Order at 12-13.) ..But supplemental jurisdiction cannot serve as an independent basis for removal. Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, 707 F.3d 883, 890 (7th Cir. 2013) ("A case filed in state court may be removed to federal court only when the case originally could have been filed in federal court.").

"**Because the court finds no independent ground upon which original subject matter jurisdiction may attach, either under §§ 1331 or 1443(1), Plaintiffs' complaint may not be properly removed under § 1367. For the reasons explained here, this case must be remanded to state court. The court has no original jurisdiction over Plaintiffs' state law claims, and Defendants have not satisfied the stringent requirements for removal of a state court action under § 1443(1)."**

*Fourth Issue*<br>IV

*Based On The Material Misrepresentation By Attorney Plaintiff Kelli Dudley, Claiming Butler Jr., Verbally Degraded Her During The Arbitration Proceeding, Constitutes Pretextual Insufficient Articulable Specific Pleading Allegations, As To How And Why The Alleged Verbal Degradation Constituted A Retaliatory, Intimidating Or An Interfering Act Under The Fair Housing Act, When Dudley Unfathomably Pled Bewilderingly Idiosyncratic Assertions In Paragraph 25, As The Unintelligible Causation Basis For The Degradation Claiming Butler "Caused Her To Forgo Lunch" And The Indecipherable "That He Would Have To Watch Her Eat" And That He "Interrupted Ms. Dudley's Examination Of Mr. Fenton To Insist Ms. Dudley Remove Her Food, Eaten In Haste Due To His Neglect Of His Client's Case, From The Table," As These False Rambling Recitations Of Purported Verbal Degradation Warrant Butler's Dismissal From Dudley's Pretextual Complaint In Its Entirety With Prejudice As Expression And Manifestations Of Unique Sensibilities Have No Causal Nexus Or Semblance Of Foreseeability To Constitute Retaliation And Merely Reveal Its Pretextual Nature*

Attorney Plaintiff Dudley's blatant misrepresentations as manifested in paragraph 24, and her ongoing retaliatory disingenuous attempt to ensnare Butler as a defendant based on her

animosity, antagonism and vindictiveness as demonstrated by the above petty, unprofessional and personal non-federal assertions she included in the Complaint, along with intentionally maliciously false allegations in paragraph 25 accusing Attorney Butler of committing the crime of verbal assault in the hallway of the Markham Courthouse despite Butler being immediately next to male and female colleagues who witnessed that no such verbal assault occurred, manifest a pretextual retaliatory nature.

1. Complaint paragraph Number 26: Butler "verbally assaulted Ms. Dudley"
2. Complaint paragraph Number 25: Butler "verbally degraded Ms. Dudley"
3. Complaint paragraph Number 25: Butler caused Ms. Dudley to forego lunch
4. Complaint paragraph Number 26: Butler " would have to watch her eat"
5. Complaint paragraph Number 25: Butler "insist Ms. Dudley remove her food, eaten in haste due to his neglect of his client's case, from the table."

Attorney Dudley alleges Butler verbally degraded her numerous times. No human being is capable of degrading another. In the opening introduction of Attorney Plaintiff Dudley's Complaint she stated on page 1 line 5, that "it is impossible to actually intimidate Ms. Dudley." That assertion was so important to Attorney Plaintiff Dudley that she included it on the first page, fifth line of her Pretextual Complaint. Therefore it is commonsensical based on her proclamation of bravado, that it is equally impossible for anyone to degrade her. It is bewildering that such a proclamation would find its way into a federal court and lawsuit. Given Attorney Plaintiff Dudley's assertion that it is impossible to intimidate her, and that she is the named plaintiff, and only plaintiff in this cause of action, that she has brought based on intimidation and retaliation, it seems by her very own inconsistent and material pleadings she has basically pled her case out of court, and established grounds for dismissal of her Complaint in its entirety.

*Fifth Issue*
V
*Based On The Intentional Malicious Assertion By Attorney Plaintiff Dudley, Of Outrageously Falsely Accusing Attorney Butler Jr., Of The Crime Of Verbal Assault, As A Basis To Support Dudley's Complaint Under The Retaliation Provision Of The Fair Housing Act,*

*Dudley's False Accusations In Paragraph 26 Of This Publicly Filed Complaint Are Incorporated Herein, And Said Has No Factual Basis To Constitute Verbal Assault Or Causal Nexus To Invoke The Retaliation Provisions, And Therefore Warrants His Dismissal From Dudley's Complaint In Its Entirety, With Prejudice*

Reviewing the Complaint in light of the totality of circumstances reveals there has not been any evidence or conduct supporting any retaliation encompassing any federal activity, or specific activity relating to the Fair Housing Act. Desperately and reprehensibly Attorney Dudley has resorted to attempting to criminalize Attorney Butler Jr., by intentionally, maliciously and falsely accusing him of committing the crime of verbal assault. As both a former veteran Assistant United States Attorney, veteran Public Defender and veteran Private Defense Attorney, Butler Jr., is well aware of what an assault is, and the dangerous and injurious consequences of irresponsibly, maliciously and intentionally brandishing an innocent person as a criminal in order to achieve some ulterior motive. This activity is injurious to one's personal and professional reputation. The impact is worse when the falsely accused is a lawyer. It is exponentially compounded when the accusation is filed in a public documented and disseminated among his colleagues and friends within the profession and community as Attorney Plaintiff Dudley perpetrated as described by the totality of circumstances herein.

1. Dudley's decision to memorialize in a federal Complaint these false nauseatingly repugnant and vile accusations is most unfortunate. Attorney Dudley as a Caucasian woman is well aware of the historically incendiary and racially inflammatory comments of such statements falsely directed at an African-American male such as Butler both professionally and socially. Fortunately other African-Americans were also in Butler's presence including an African-American female who can attest that no assault occurred.

2.      Furthermore if attorney Dudley felt that she was assaulted she had every opportunity to bring this alleged assault to the attention of the Judge, when the case was called. More importantly, Attorney Dudley did not have to wait for the parties to appeared before the Judge when the case was called, because The Markham courthouse as is the nature of most courthouses, is overrun with Cook County Sheriffs, Chicago Police and Suburban Police Offices. In fact, there is a Cook County States Attorney's Office accessible within the courthouse in addition to countless states attorneys milling around and traveling back and forth between courtrooms in preparation for the mornings court calls. There is also a Sheriff's Department Facility within the building and a Criminal Court Division that exclusively handles criminal matters that is heavily attended with a countless numbers of police officers in attendance. Obviously to solidify her assault allegations against Butler, Dudley merely had to go to the onsite courthouse security video monitor officer and request that she view or even obtain a copy of the video tape from the courthouse security camera. Considering that all of the parties were assembled outside the courtroom in the main hallway, her alleged assault would clearly have been captured on the courthouse security. Apparently, based on the lack of evidence she did not, nor did she attempt to do any of these things to document an alleged assault, because there was no assault. These assault allegations are not only false, egregious and reprehensible, they have absolutely no nexus to the Fair Housing Act. So why would such outrageous malicious allegations be raised at all and memorialized with its explosive racial implications in a federal complaint? It should also be noted that Defendants, Ernest Fenton, William Moore, Brandon Loggins, Kendall Anderson and Butler are all African-American men.

Sixth Issue
VI

*Attorney Plaintiff Dudley's Material Misrepresentation Falsely Alleging In Paragraph 26 Of Her Complaint That Attorney Defendant Butler Jr., Sent A "Threatening Letter" " In An Attempt To Intimidate Her Co-Counsel, Paul Luka, From Pursuing Fair Housing Advocacy," When In Fact The Two Attached Exhibit Letters Indicate That Attorney Paul Luka Initiated The Correspondence By Sending Via E-Mail And U.S Mail His Attached August 31, 2015 Defamatory Letter Containing Numerous False Statements To Butler Jr., And Cc'd Said Letter To Scott P. Clair, Wherein Luka Made False Statements And Accusation While Initiating Threats To Concurrently Seek Sanctions Against Counsel And His Client Before Chief Judge Castillo. Attorney Butler Sent Luka A Responsive Letter Via Email And U.S. Mail On September 14, 2015, Proving The False Statements, Advising Luka Of The Defamatory Nature Of Luka's Letter And That The Threat Of Sanctions Before Chief Judge Castillo Were Malicious, Designed To Harass And Actionable. Said Responsive Letter Has No Factual Basis To Constitute A Threat To Invoke The Retaliation Provisions And Therefore Warrants His Dismissal From Dudley's Complaint In Its Entirety, With Prejudice.*

Accordingly the letters are hereby attached as Group Exhibit 11 and are incorporated herein.

*Given The Totality Of Circumstances Documenting The Numerous Misstatements Contained Within Attorney Plaintiff Dudley's Pretextual Complaint Seeking In Excess Of $100,000, Along With The Malicious Outrageous Accusations Manifested By Attorney Dudley's False Criminal Baseless Verbal Assault Accusations Asserted In This Public Complaint, Is All Emblematic And A Manifestation Of Attorney Plaintiff Dudley's Orchestrated Attempt To Harass And Intimidate Attorney Defendant Butler Jr., In Violation Of Federal Rule Of Civil Procedure 11 And Accordingly Attorney Butler Jr., Hereby Seeks Sanctions And Any Other Relief The Court Deems Appropriate In The Interest Of Justice. And Therefore Warrants His Dismissal From Dudley's Complaint In Its Entirety, With Prejudice.*

Respectfully submitted,

/s/Clarence Butler Jr.

Clarence Butler Jr.,

150 N. Michigan Avenue, Suite 2800

Chicago, Illinois 60601

(312)216-5102