**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KELLI DUDLEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 15-cv-11555 |
| ERNEST FENTON, LAW OFFICE OF | ) |
| ERNEST B. FENTON, P.C., BRIAN | ) Hon. James B. Zagel |
| SNYDER, CLARENCE BUTLER, | ) |
| BRANDON LOGGINS, and KENDALL | ) |
| ANDERSON, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BRIAN G. SNYDER'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(1) & 12(b)(6)**

Defendant Brian G. Snyder ("Snyder"), by and through his attorneys Steven M. Laduzinsky and Conor Sickel of Laduzinsky & Associates, P.C., and pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6) hereby move this Honorable Court for an entry of an order dismissing Plaintiff Kelli Dudley's ("Plaintiff") Complaint for Damages Resulting from Violation of the Fair Housing Act and for Other Relief (See Dckt. at No. 1, hereinafter "Complaint") for Plaintiff's failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction and Plaintiff's failure to provide a short and plain statement of the grounds for the Court's jurisdiction. In support of his motion, Snyder states as follows:

I.      **INTRODUCTION**

On or about April 30, 2013, Plaintiff, an attorney, on behalf of her client Tonya Davis ("Davis"), filed an action against Ernest B. Fenton and the Law Office of Ernest B. Fenton, P.C. (the "Fenton Defendants"), and others, in the Northern District of Illinois entitled *Davis v.*

*Fenton et al.*, Case No. 13-cv-3224 ("Federal Action"). (See Exhibit A at Dckt. No. 1). Although the Federal Action arose out of, and was ultimately limited to, a breakdown of the attorney and client relationship between Davis and the Fenton Defendants (discussed further *infra*), and did *not* stem from any real estate purchase transaction, Plaintiff's Federal Action also alleged violations of the Fair Housing Act and, relevantly, the Civil Rights of 1866. On or about July 3, 2013, the Fenton Defendants filed an action in the Illinois Circuit Court of Cook County, naming the Plaintiff and her law firm, in addition to a Andrew Sidea and his law firm, as Defendants, and seeking damages and injunctive relief based on allegations that Plaintiff damaged the Fenton Defendants by unlawfully accessing and using privileged information, as well as made slanderous statements against the Fenton Defendants that caused damage to their reputation and loss of business. Said action currently pending in the Circuit Court of Cook County is entitled *Fenton et al. v. Kelli Dudley and Andrew Sidea*, Case No. 2013 L 066047 ("State Action").

On February 13, 2014, the Honorable Ruben Castillo of the United States District Court for the Northern District of Illinois dismissed the Federal Action against the Fenton Defendants without prejudice and sent the matter to binding arbitration pursuant to the engagement agreement entered into between the Fenton Defendants and Davis. (See Ex. A at Dckt. No. 37). The Parties engaged in the required binding arbitration, and on February 3, 2015, an arbitration award was entered by Arbitrator John Monical; which, in relevant portion, tellingly disposed of Davis' alleged federal claims as follows: (1) violation of FHA § 3604(b)—*denied in its entirety*; (2) prohibition of intimidation, retaliation, and interference under FHA § 3617—*denied in its entirety*; and, (3) violation of the Civil Rights Act §§ 1981 and 1982—*denied in its entirety.* (See Exhibit B).

2

Following arbitration, the Fenton Defendants filed a Motion with the Arbitrator to Clarify and Correct the Arbitration Award, and on March 25, 2015, Arbitrator Monical entered an amended award modifying Davis' damages. (See Exhibit C). Importantly, this modification explicitly states: "This Award is in full settlement of all claims, counterclaims, and motions submitted to this Arbitration. All claims not expressly granted herein are hereby denied." (Ex. C). Then, on July 17, 2015, Plaintiff, on behalf of Davis, moved to "reinstate" the Federal Action, confirm the arbitration award, and allow Davis to bring an additional claim under § 3617 of the FHA. (Ex. A at Dckt. Nos. 60 & 61). On July 22, 2015, the District Court granted said motion, confirmed the arbitration award and entered a judgment against the Defendants in the amount of $82,528.10, plus interest.[1] (Ex. A at Dckt. No. 62).

The Federal Action and State Action referenced above and litigated between the parties were fervently contested and consisted of a tremendous amount of motion practice initiated from both sides. It is from this litigation, and conduct occurring within and wholly stemming from these hotly contested and intensely litigated disputes, that Plaintiff now improperly relies upon as the basis of this action. Notably, Snyder participated in the prosecution of the State Action only in his capacity as an employee of Defendant Law Office of Ernest B. Fenton, P.C., and did not appear in the Federal Action. (See Ex. A). Although it is not clear from the allegations as written, the relevant allegations of Plaintiff's Complaint seemingly directed against Snyder are as follows:

Snyder sending a letter dated June 7, 2013 discussing the potential settlement of the Federal Action (Complaint at ¶10)[2];

---

[1] The Fenton Defendants filed a separate, currently pending state court action to vacate the arbitration award.

[2] Although Plaintiff attempts to characterize this June 7, 2013 letter as threatening, the June 7, 2013 letter clearly was intended to open the door to discuss settlement, sent within the scope of Snyder's employment with Defendant Law Office Ernest B. Fenton, P.C. and, in clear terms, stated that the Fenton Defendants believed the Federal Action was without merit. (Complaint at Ex. A).

the Fenton Defendants filing the State Action against Plaintiff in the Circuit Court of Cook County (Complaint at ¶¶16, 17, 32);

email communications between Snyder and Dudley regarding the presentment of a motion for a Preliminary Injunction in the State Action in or about July of 2013 (Complaint at ¶27)[3];

the Honorable Loretta Eadie-Daniel entering the Preliminary Injunction in the State Action against Plaintiff on July 17, 2013 (Complaint at ¶20)[4];

"Defendants" filing a Motion for Remand and Sanctions against Plaintiff (Complaint at ¶¶21, 29);

"Defendants" moving the Honorable Chief Judge Ruben Castillo to arbitrate the Federal Action (Complaint at ¶¶24, 31).[5]

In Plaintiff's deficient Complaint, she haphazardly attempts sets forth one (1) muddled and misguided Count claiming that she has been retaliated against, in violation of § 3617 of the Fair Housing Act, 42 U.S.C. § 3617, for prosecuting similarly deficient claims for Davis under the Fair Housing Act; which, importantly, have already been proven and held to be unfounded.[6] Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted for multiple reasons.

---

[3] Here, Plaintiff inappropriately attempts to mischaracterize the email communications between her and Snyder in July of 2013 by stating that Snyder presented the motion "even when he knew it was legally prohibited." (Complaint at ¶27). As is evidenced by the actual communications, this was not what was discussed. Snyder clearly only stated that: "Our office will advise the Judge of your Notice of Removal…We will leave it up to the judge to decide whether he wants to honor the Notice of Removal." (Complaint at Ex. H). Further, notably, Plaintiff let the Order entered on July 17, 2013 in the State Action stand for nearly a year without attempting to vacate or modify it.

[4] Although Plaintiff attempts to characterize this as a retaliatory move by the Fenton Defendants and, seemingly, Snyder, in her Complaint, it is clear by both Paragraph 20 of her Complaint and the record that the Honorable Loretta Eadie-Daniel issued the Preliminary Injunction in her sole discretion as the sitting Judge in the State Action *after* being advised of the Notice of Removal.

[5] Again, Snyder did not appear in the Federal Action. (See Ex. A). Regardless, as was discussed *supra*, the Honorable Ruben Castillo, Chief Judge of the Northern District of Illinois, ruled for the Fenton Defendants and sent the Federal Action to Arbitration. (Ex. A at Dckt. No. 37).

[6] It is important to reiterate that the Federal Action arose solely out of an engagement entered into between Davis and the Fenton Defendants and the subsequent breakdown of that attorney client relationship; it did *not* arise out of a transaction to sell or rent real estate.

First, as Plaintiff's Complaint is *entirely* premised on pending litigation, and as *every* allegation of retaliation set forth is asserted against attorneys, Snyder's conduct is protected by the absolute litigation privilege and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) accordingly. Additionally, as Plaintiff's client's claims arose solely from the engagement agreement between Davis and the Fenton Defendants, and were ruled to *not* be protected activity under the Fair Housing Act, Plaintiff cannot claim retaliation or protection under the Fair Housing Act's Retaliation provision for bringing a claim that was *not* protected under the Act in the first place. Regardless, Plaintiff did not plead and cannot satisfy the necessary elements to prove retaliation under § 3617 of the Fair Housing Act, and thus fails to state a claim upon which relief may be granted. Moreover, not only does Plaintiff fail to set forth a short, plain statement establishing this Honorable Court's jurisdiction as is required by Fed. R. Civ. P. 8(a)(1), but further, because she did not and cannot plead the necessary elements to allege a valid retaliation claim under § 3617 of the Fair Housing Act, she also fails to establish subject matter jurisdiction. Therefore, Plaintiff's Complaint must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## II.   <u>ARGUMENT</u>

### A.  Plaintiff Fails to State a Claim Upon Which Relief May be Granted.

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *Squires-Cannon v. Forest Pres. Dist.*, 2016 U.S. Dist. LEXIS 17693, 3 (N.D. Ill. Feb. 12, 2016). Further, "[t]o survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015)

(quotation omitted). That is, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[t]o satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must merely provide a short and plain statement of the claim which is sufficient to give the defendant fair notice of what the...claim is and the grounds upon which it rests[.]" *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quotation omitted). When reviewing a complaint on a 12(b)(6) motion, the Court accepts all well-pleaded facts in the Complaint as true and then asks whether those facts state a plausible claim for relief. *Squires-Cannon*, 2016 U.S. Dist. LEXIS 17693 at 4. However, "allegations that state 'legal conclusions' or '[t]hreadbare recitals of the elements of a cause of action' are not entitled to the assumption of truth." *Id.*

### i. Plaintiff cannot establish the essential elements for a 42 U.S.C. § 3617 Retaliation Claim.

The Fair Housing Act's Retaliation provision, explicitly provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Moreover, the Seventh Circuit has made clear that in order to prevail on a Retaliation claim under the above referenced provision, "the plaintiff must show that '(1) she is a protected individual under the FHA[], (2) she was engaged in the exercise or enjoyment of [her] fair housing rights . . ., (3) Defendants were motivated in part by an intent to discriminate, or their conduct produced a disparate impact, and (4) Defendants coerced, threatened, intimidated, or interfered with Plaintiff on account of [her] protected activity under the FHA[].'" *East-Miller*

*v. Lake County Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005); *see e.g. Clabault v. Shodeen Mgmt.,* 2006 U.S. Dist. LEXIS 33596 (N.D. Ill. May 15, 2006).

Here, in a binding arbitration, the arbitrator denied and dismissed in their entirety Davis' Fair Housing Act claims, including Davis' Retaliation claim under § 3617 of the Fair Housing Act; holding that Davis was *not* engaged in the exercise or enjoyment of fair housing rights, and that the facts and circumstances presented did *not* give rise to protection under the Fair Housing Act, as they arose solely out of the engagement agreement between Davis and the Fenton Defendants. (See Exhibits B, C). The Honorable Ruben Castillo confirmed the arbitration decision and award, and entered a judgment against the Fenton Defendants on July 22, 2015. (Ex. A at Dckt No. 62). Under § 13 of the Federal Arbitration Act, the arbitration judgment so entered shall have "the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. To be sure, although the Fenton Defendants have an appeal pending in the Seventh Circuit related to the confirmation of the arbitration award, Plaintiff has *not* sought to vacate the decision and award, nor challenge the binding rulings on the claims set forth therein.

Therefore, as the Court has already ruled that Davis was *not* exercising her rights under her Fair Housing Act, it is not possible for Plaintiff to maintain an action for retaliation under § 3617 of the Fair Housing Act for "aiding or encouraging" Davis "in the exercise or enjoyment of, any right granted or protected by" the Fair Housing Act. 42 U.S.C. § 3617. Simply put, it was found that Davis was *not* engaged in activity or exercising any right entitled to protection under the Fair Housing Act to begin with, and Plaintiff cannot now maintain that she was retaliated against for aiding her client for that *unprotected* activity. Thus, by the plain language of the

retaliation provision of the Fair Housing Act, 42 U.S.C. § 3617, Plaintiff fails to state a claim upon which relief may be granted and her Complaint for Damages Resulting from Violation of the Fair Housing Act and for Other Relief must be dismissed accordingly.

Moreover, "a showing of intentional discrimination is an essential element of a § 3617 claim" and a plaintiff may show that a defendant held that discriminatory intent "either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the McDonnell Douglas test." *East-Miller,* 421 F.3d 558 at 563; *see also, Sheikh v. Lichtman*, 2013 U.S. Dist. LEXIS 89506 (N.D. Ill. June 26, 2013). Here, Plaintiff's Complaint falls well short of the mark of establishing any of the four (4) necessary elements required to sufficiently allege retaliation under § 3617 of the FHA and, further, is completely and utterly devoid of any allegation establishing that the purported retaliation was motivated by any discriminatory intent.

In fact, even if Plaintiff could properly rely on any previously alleged discriminatory intent against Davis in the previous Federal Action – which she most certainly cannot – she still would not be able to establish the necessary discriminatory intent as the issue was adjudicated in binding arbitration and confirmed by the Honorable Chief Judge Ruben Castillo, and Plaintiff has not moved to vacate the arbitration award. 9 U.S.C. § 13; *see also Guar. Trust Life Ins. Co. v. First Student Programs, Inc.,* 2009 U.S. Dist. LEXIS 81136, 5-6 (N.D. Ill. Sept. 8, 2009) (holding an "arbitration award, confirmed by a district court, constitutes a judgment on the merits"). As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted and, as result, Plaintiff's Complaint must be dismissed with prejudice.

Notwithstanding the above, the actions from which Plaintiff claims retaliation are irrefutably protected by the Absolute Litigation Privilege.

8

### ii. The Complained of Actions of Which are the Basis of Plaintiff's Retaliation Claims are Wholly Protected by the Absolute Litigation Privilege.

In her Complaint, Plaintiff sets forth multiple, misplaced allegations (discussed *supra*), which she erroneously contends gives rise to a valid claim for retaliation under the Fair Housing Act, 42 U.S.C. § 3617. However, every single allegation asserted in Plaintiff's Complaint is against attorneys and arises out of, and is in connection with, litigating the Federal Action and State Action. As such, the conduct that is the basis of Plaintiff's claims are protected by the absolute litigation privilege and, as result, Plaintiff's Complaint must fail.

It is well established in the Northern District that, "Illinois law recognizes an absolute litigation privilege which protects anything said or written in the course of a legal proceeding." *Squires-Cannon v. Forest Pres. Dist.*, 2016 U.S. Dist. LEXIS 17693, 30 (N.D. Ill. Feb. 12, 2016). Moreover, "[t]he only qualification to this privilege is that the communication pertain to the litigation," however this "requirement is not applied strictly…" *Id.* The Northern District has ruled time and time again that the "communication need not be confined to the specific issues involved in the litigation...The rationale for the privilege is to secure for attorneys as officers of the court the utmost freedom in in representing clients." *Id* at 31. Thus, "[t]he absolute privilege is afforded even when malice is assumed to have motivated the attorney. All doubts are to be resolved in favor of finding that the privilege applies." *Id*. The absolute litigation privilege is so important to the legal process that, "[u]nder Illinois law, the absolute litigation privilege [] traditionally applies to not only to attorneys' communication 'made before, during, and after litigation,' but also whenever 'Illinois policy would be furthered by doing so.'" *Id* at 32. Most importantly, "[t]his principle comports with the rule in Illinois that '[t]here is no civil cause of action for misconduct which occurred in prior litigation. Instead, parties should attempt to

redress injuries from misconduct in judicial proceedings in the same litigation. Were it otherwise, litigation would never end.'" *Id*.

Here, Plaintiff's filing of this meritless action is not only wasting this Honorable Court's valuable resources, but is acting to perpetuate a seemingly endless cycle of litigation between the parties. What makes Plaintiff's action especially audacious is the fact that she, admittedly, has already sought sanctions in the State Action for much of the same conduct alleged in the instant matter. (Complaint at pg. 2). Here, it is blatantly clear that Plaintiff's Complaint is exactly the type of action that the absolute litigation privilege precludes.

In *Squires-Cannon*, where a *retaliation* claim was brought based off of conduct occurring in the midst of a foreclosure action, the Court found that, even if litigation was brought to "intimidate and harass [the plaintiff] in retaliation for her defense of the foreclosure litigation…the Defendants' actions are protected under the absolute litigation privilege because 'even when malice is assumed to have motivated the attorney,' the attorney's action is protected." 2016 U.S. Dist. LEXIS 17693 at 31 (*citing Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)). Further, in *Shuffle Tech Int'l, LLC v. Sci. Games Corp.*, the Court explicitly held that "misrepresentations made in the course of prosecuting a meritless lawsuit do not give rise to a cause of action at common law or under [Illinois Statutory Law] because of the litigation privilege, Illinois's [sic] 'absolute privilege protect[ing] anything said or written in a legal proceeding.'" 2015 U.S. Dist. LEXIS 138741, 50-51 (N.D. Ill. Oct. 12, 2015); *see e.g. Probst v. Ashcroft, 25 Fed. Appx.* 469, 470-471 (7th Cir. Ill. 2001) (the absolute litigation privilege is a "doctrine that simply precludes actions taken in the adversarial setting of litigation and otherwise redressable through court process from supporting further litigation."); *Skopp v. First Federal Sav.,* 189 Ill. App. 3d 440, 447-448 (Ill. App. Ct. 1st Dist. 1989) (holding that "[a]n absolute

privilege protects anything said or written in a legal proceeding, including out-of-court communications between attorneys and their clients.").

Moreover, in *Nieman v. Grange Mut. Ins. Co.,* where the plaintiff set forth almost identical bases for the retaliation claim alleged there as Plaintiff does in the instant matter, including furnishing misleading or inaccurate information, filing motions for sanctions, and making purportedly libelous statements, the Court held:

> The Court concludes as a matter of law that Plaintiff's allegations do not constitute actionable retaliation. There can be little question that an offer to settle litigation—even an offer that one party may find to be outrageous and/or personally offensive—constitutes a litigation tactic. The same is true of a demand to retract statements that are alleged by a party to be libelous. The Court further concludes that a response to the EEOC—even one that is alleged to contain false, misleading or incomplete information—does not form the basis of a retaliation claim because the letter was written during the course of litigation and in response to the Plaintiff's charge. Moreover, neither a party's filing of a motion for sanctions which seeks dismissal, nor an objection to discovery served by an opposing party, constitutes actionable retaliation. Likewise, the filing of a counterclaim for defamation and abuse of process, which are the nature of the claims included in Counts III and IV, does not constitute a retaliatory act. These are obviously litigation tactics. The Court finds that none of these allegations, considered individually, or in conjunction with one another, are sufficiently egregious to support a retaliation claim.

*Nieman v. Grange Mut. Ins. Co.,* 2013 U.S. Dist. LEXIS 6380, 6-7 (C.D. Ill. Jan. 16, 2013).

Here, Plaintiff's allegations that she erroneously attempts to rely upon to support her spurious retaliation claim wholly consist of actions and conduct that occurred within the course of litigation and, as such, said actions are wholly protected under the absolute litigation privilege and the well-established case law of the Northern District of Illinois and Seventh Circuit. It is thus clear that Plaintiff cannot maintain this action and utterly fails to state a claim upon which relief may be granted. Therefore, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff Fails to Establish Subject-Matter Jurisdiction.**

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the Court's subject-matter jurisdiction. *Sheptin v. LifeWatch Servs.*, 2015 U.S. Dist. LEXIS 90299, 2-4 (N.D. Ill. July 13, 2015). Further, "[t]he standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion." *Bolden v. Wells Fargo Bank, N.A.*, No. 14 C 403, 2014 U.S. Dist. LEXIS 161521, at *5 (N.D. Ill. Nov. 18, 2014) (*citing Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009)). It is fundamental that "under Rule 8(a)(1), Fed.R.Civ.P., [a] plaintiff must include in his complaint a short, plain statement of the ground upon which the court's jurisdiction depends." *Tel Com Prods. v. Baltimore Paint & Chem. Co.*, 1979 U.S. Dist. LEXIS 9549 (N.D. Ill. Sept. 26, 1979). Thus, "[i]f a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiffs favor." *Sheptin,* 2015 U.S. Dist. LEXIS 90299 at *2.

"A factual challenge to the court's subject matter jurisdiction, on the other hand, is based on the assertion that 'the complaint is formally sufficient but ... there is in fact no subject matter jurisdiction.'" *Id.* When analyzing a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). Moreover, "[w]here jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raised the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

> **i. Plaintiff's Complaint fails to set forth a short, plain statement establishing jurisdiction and is thus defective on its face.**

12

Plaintiff's Complaint is completely devoid of any statement establishing this Honorable Court's jurisdiction over the complained of conduct. To be sure, Paragraphs 1–11 of Plaintiff's Complaint – which, comprise the "Parties and Jurisdiction" section of Plaintiff's Complaint – do not set forth any facts, let alone any short, plain statement, that gives rise to the jurisdiction of this Honorable Court. Further, although a few of the remaining allegations set forth in Plaintiff's Complaint reference 42 U.S.C. § 3617, they do not set forth a short, plain statement establishing jurisdiction and, as such, Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a)(1). Thus, Plaintiff's Complaint is facially defective and should be dismissed accordingly.

### ii. Plaintiff fails to allege the essential elements for a 42 U.S.C. § 3617 Retaliation Claim.

As previously discussed in Section II(A)(i) above, not only does Plaintiff fail to allege the necessary elements to state a valid retaliation claim, but she cannot allege the required elements because she has not sought to challenge or vacate the adjudications set forth in the binding arbitration that was subsequently confirmed by the Honorable Chief Judge Ruben Castillo. As such, Plaintiff cannot establish subject-matter jurisdiction for this Honorable Court to hear the complained of actions. Therefore, Plaintiff's Complaint must be dismissed pursuant to 12(b)(1).

### III.  CONCLUSION

In addition to Plaintiff failing to set forth a proper basis for jurisdiction, it is indisputable that the above-referenced actions and conduct that Plaintiff erroneously alleges give rise to a retaliation claim under § 3617 of the Fair Housing Act, 42 U.S.C. § 3617, wholly consist of actions and conduct that occurred within the course of litigation and, as such, are wholly protected by the absolute litigation privilege. Plaintiff thus fails to sufficiently plead a claim upon which relief may be granted and, as discussed *supra*, *cannot* sufficiently plead a retaliation claim under § 3617 of the Fair Housing Act, 42 U.S.C. § 3617. Consequently, Plaintiff's

Complaint must be dismissed pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) & 12(b)(6).

WHEREFORE, for the foregoing reasons, Defendant Brian G. Snyder respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint for Damages Resulting from Violation of the Fair Housing Act and for Other Relief with prejudice, enter a judgment in his favor and against Plaintiff Kelli Dudley, and for such other and further relief as this Court deems as just.

Respectfully submitted,

Brian G. Snyder

By: /s/ Steven M. Laduzinsky
           One of his attorneys

Steven M. Laduzinsky (ARDC No. 6193407)
Conor Sickel (ARDC No. 6313993)
Laduzinsky & Associates, P.C.
216 S. Jefferson St., Suite 301
Chicago, IL 60661
Email: admin@laduzinsky.com
Phone: (312) 424-0700
Fax: (312) 424-2646

14