## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLI DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 15-cv-11555 |
| | ) | |
| v. | ) | |
| | ) | Hon. James B. Zagel |
| ERNEST B. FENTON, LAW OFFICES OF | ) | |
| ERNEST B. FENTON, P.C., WILLIAM MOORE, | ) | Jury Trial Demanded |
| BRANDON LOGGINS, KENDALL ANDERSON, | ) | |
| BRIAN SNYDER, AND CLARENCE BUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF KELLI DUDLEY'S COMBINED RESPONSE AND MEMORANDUM IN SUPPORT OF HER RESPONSE TO DEFENDANT BUTLER'S AMENDED MOTION TO DISMISS**

Kelli Dudley is a fair housing attorney who represents Tonya Davis in the latter's exercise of her rights under the Fair Housing Act (FHA). Ms. Dudley assisted Ms. Davis by filing a complaint against two of the Defendants in this case, Ernest Fenton (Defendant Fenton) and the Law Office of Ernest B. Fenton, P.C. (Defendant Law Office). After Ms. Davis' fair housing case was filed, Ms. Davis and her lawyers, particularly Ms. Dudley, were subjected to retaliatory, intimidating words, actions, and lawsuits that interfered with their attempts to assist Ms. Davis. These words, actions, and lawsuits by Defendants violated the anti-retaliation, anti-intimidation, and anti-interference provision of the FHA, 42 U.S.C. § 3617. Early in their efforts to interfere with Ms. Dudley's representation of Ms. Davis, the Fenton Defendants filed a state court (Markham) lawsuit and obtained a state court order barring Ms. Davis' lawyers from talking to her. Defendants obtained the Order after the case was removed to Federal court. Although the Seventh Circuit Court of Appeals ultimately remanded the retaliatory suit to state court, they expressed concern about the Order barring Ms. Davis' lawyers from talking to her entered in blatant disregard of the Federal law regarding removal:

"Dudley and Sidea have not asked us to take any action with respect to the state-court injunction, although we understand that they hope to move the district court to dissolve the injunction following our decision on removal. Nevertheless, like the district court, we are troubled that a state court would disregard § 1446's clear command, especially because the face of the injunction order reveals that the state court recognized that the defendants had initiated removal." *Fenton v. Dudley,* 761 F.3d 770, 772 (7th Cir. 2014).

Defendant Butler has filed a Motion that says it is pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(1) and 12(b)(6). This motion must be denied.

## INTRODUCTION

Kelli Dudley is an attorney practicing law in Chicago, Illinois. Comp., Para. 1. Her practice traditionally included helping people in foreclosure, and she founded Resistance Legal Clinic to help people in foreclosure. *Id.,* Para. 32.

Ms. Davis is an African-American woman who, in 2010, faced foreclosure on her home. Comp., Para. 12 – 14. Desperate to save it, she contacted and retained Defendant Fenton, an attorney. *Id.* She paid Defendant Fenton thousands of dollars, but he took no competent steps to save her home.[1] Ms. Davis' home was lost and she and her minor children were evicted. *Id.* Ms. Davis faces a large deficiency judgment due to Defendant Fenton's neglect. *Id.*

Ms. Dudley assisted Ms. Davis to file a Federal lawsuit to redress Defendant Fenton's violations of the FHA and Civil Rights Act of 1866. Comp., Para. 13 – 14. In response to the FHA lawsuit, Defendant Fenton sued Dudley (and Andrew Sidea, her co-counsel) at the municipal courthouse in Markham, Illinois (Cook County Circuit Court, Municipal District 5). Comp., Para. 16. This forum bore no relation to a dispute with Chicago residents Dudley and Sidea. Defendant Fenton's state court lawsuit against Dudley was eventually dismissed with prejudice, and sanctions against Defendants Fenton, Law Office, and Brian Snyder were granted.

---

[1] A judgment was entered on July 22, 2015, in favor of Ms. Davis in the amount of $82,528.10 and interest thereon. The judgment was entered on Ms. Davis's attorney malpractice and breach of contract counts in the case *Davis v. Fenton et al.*, case number 13-cv-03224 in the Northern District of Illinois. These counts were sent to arbitration pursuant to an arbitration clause in the underlying attorney retainer agreement. An arbitration hearing was held that resulted in the entry of an award in favor of the Ms. Davis and against Mr. Fenton. The District Court ultimately confirmed and entered judgment on the award as indicated above.

Comp. P. 2. The state court judge is currently determining the sum of sanctions to be awarded to Ms. Dudley for Defendants' obtaining a preliminary injunction while the case was on removal. The sum is to be announced in early May.

As U.S. District Court Chief Judge Ruben Castillo has recently stated:

"In deciding a Rule l2(b)(6) motion, the Court may consider the complaint itself, 'documents that are attached to the complaint, documents that are central to the complain and are referred to in it, and information that is properly subject to judicial notice.' *Williamson v. Curran*, 714 F .3d 432, 436 (7th Cir. 2013) (citation omitted). Courts may take judicial notice of related court proceedings outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *see Quincy Mall, Inc. v. Parisian, Inc*., 27 F. App. 631,636 (7th Cir. 20ll) ('In reviewing a motion to dismiss, we may look to matters of public recordoutside of the pleadings, including . . . public court documents[.]')." *Davis v. Fenton*, _____ F. Supp. _____, (N.D. Ill. 2016).

As part of *Fenton v. Dudley*, the state-court lawsuit, Ms. Dudley was prohibited from talking to Ms. Davis, her client, for approximately 16 months. She also could not talk to her co-counsel or a vague swath of community organizations. *See Fenton v. Dudley,* 761 F.3d 770, 773 (7th Cir. 2014).[2]  This unprecedented action directly interfered with Ms. Dudley's ability to represent Ms. Davis, her client, in her Fair Housing Act case against Mr. Fenton or otherwise assist her to vindicate her rights under the Fair Housing Act. Comp. Para. 20.

Ms. Davis has separately sued the Fenton defendants for the damage she experienced because of Defendants' retaliation against Ms. Dudley—namely, depriving her of a lawyer to whom she could speak for 16 months. A plain reading of the Arbitrator's Award and Modified Award (Comp., Para. 11) makes it clear that there was no ruling on the merits of the retaliation claim, which was not subject to arbitration.

Through at least 2016, Defendants continued to violate Ms. Dudley's civil rights, in violation of 42 U.S.C. § 3617. Defendant Butler engaged in retaliatory and intimidating

_____

[2] The purported injunction was entered *ex parte* and *after the case had been removed to federal cour*t.  The injunction was lifted after the case was remanded and Ms. Dudley appeared on her own behalf.

behavior, such as making degrading remarks to Ms. Dudley and launching a verbal assault on her in the hallway of the state court (Markham) courthouse. Comp., Para. 26.

### STANDARD FOR MOTION TO DISMISS

Defendant Butler sets forth no standard for deciding a Motion to Dismiss.

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

4

While offering no analysis, Defendant Butler moved pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of the Fair Housing Act ("FHA") is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The FHA provides, in relevant part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. 42 U.S.C. § 3617.

In the instant case, Ms. Dudley alleges Defendant Butler took certain actions against her and made certain statements because she assisted another party, Ms. Davis, to pursue her fair housing rights by filing a lawsuit. Complaint, Para. 5, 7. To state such a claim, Ms. Dudley must allege: (1) Ms. Davis is a member of a protected class under the FHA, African-American; (2) Ms. Dudley aided or encouraged Ms. Davis in the exercise or enjoyment of a right protected by the Fair Housing Act, the filing of a fair housing lawsuit; (3) Defendant was motivated in part by an intent to discriminate, namely, targeting African-Americans for sub-standard housing services; and (4) Defendants coerced, threatened, intimidated, or interfered with Plaintiff on account of the her having aided or encouraged Ms. Davis in the exercise or enjoyment of her fair housing rights —interfered with Ms. Dudley's of Ms. Davis, made degrading comments about her, and other actions. *See People Helpers*, *Inc.* *v. City of Richmond,* 789 F. Supp. 725, 732 (E.D. Va. 1992); *cf. East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005).

Here, Ms. Dudley has alleged Ms. Davis is a member of a protected class, African-American. Complaint, Para. 5, 14. Ms. Dudley alleged she aided Ms. Davis in the exercise of her fair housing rights, namely, the filing of a complaint. Complaint, Para. 14, 29. Ms. Dudley alleged Defendant was motivated by a desire to discriminate. Complaint, Para. 14, 15, 24, 29,and 31 (non-exhaustively). Finally, Ms. Dudley has alleged Defendant coerced, threatened, or

5

interfered with her on account of her having aided or encouraged Ms. Davis in the exercise or enjoyment of her fair housing rights. Complaint, 29.

The Motion to dismiss must be denied.

## ARGUMENT

I. **The Complaint Does Not Allege Defendant Butler Participated in Obtaining the State-Court Injunction Against Ms. Dudley.**

The allegations against Defendant Butler appear primarily in paragraphs 7, 24, 25, and 26 of the Complaint. The Complaint does not allege that Defendant Butler participated in obtaining the injunction against Ms. Dudley. To the contrary, he is alleged to have: rushed the case to arbitration while Ms. Dudley could not speak to her own client (Complaint, Para. 24), verbally degraded Ms. Dudley during the arbitration (*Id*., Para. 25), and verbally assaulted Ms. Dudley in the hallway of the state courthouse in Markham (*Id*., Para 26).

It is unclear why Defendant Butler sets forth his lack of on-the-record participation in the retaliatory lawsuit and the resulting temporary injunction against Ms. Dudley as part of his Motion to Dismiss. A plain reading of the Complaint quickly shows the Ms. Dudley does not make or rely on such an allegation. The Motion to Dismiss must be denied.

II. **The Complaint Does Not Allege Defendant Butler Participated in Fundraising or Otherwise Attempted to Influence State Court (Markham) Judges.**

The allegations against Defendant Butler appear primarily in paragraphs 7, 24, 25, and 26 of the Complaint. The Complaint does not allege that Defendant Butler participated in fundraising for judges or otherwise attempted to influence judges. To the contrary, he is alleged to have: rushed the case to arbitration while Ms. Dudley could not speak to her own client (Complaint, Para. 24), verbally degraded Ms. Dudley during the arbitration (*Id*., Para. 25), and verbally assaulted Ms. Dudley in the hallway of the state courthouse in Markham (*Id*., Para 26).

6

While failing to attempt undue judicial influence is laudable, it is unclear why Defendant Butler relies on this non-existent allegation against him as grounds for dismissal from this lawsuit. A plain reading of the Complaint quickly shows the Ms. Dudley does not make or rely on any allegation that Defendant Butler attempted to influence the state court (Markham) judges. The Motion to Dismiss must be denied.

## III. Defendant Butler Urged *Davis v. Fenton* Toward Arbitration, Knowing Ms. Dudley Could not Talk to Her Client.

Defendant Butler, and his co-defendants, urged Ms. Davis fair housing case to arbitration on an expedited basis, knowing Ms. Dudley could not talk to her client. Comp., Para. 23 – 24. At one point, Ms. Dudley would not have been able to talk to her own fair housing client at the arbitration had defendants succeeded. *Id*. In other words, she could have not prepared her client for the proceeding, examined her as a witness, or otherwise meaningfully served as her attorney.

The state-court order against Ms. Dudley was lifted on or about September 16, 2014. It had been in place for approximately 16 months, during which time Ms. Dudley could not talk to her client. Comp., P. 1. Therefore, for seven months after Chief Judge Castillo ordered *Davis v. Fenton*, the Federal fair housing case, be subject to arbitration, Ms. Dudley could not talk to her client to prepare for the arbitration. During this entire time, including in the three months or so between Defendant Butler's entry into the case and the lifting of the noxious state court order, Ms. Dudley could not talk to Ms. Davis. In fact, the two were left to prepare for arbitration in a little over two months. Even though Dudley had represented Davis for about 21 months by the time the case went to trial, the two had been prohibited from communicating with each other for 16 months of that time. Defendant Butler took part in urging the matter toward premature arbitration for about three months before Ms. Dudley was finally able to speak to Ms. Davis.

7

Whether it is intentional or unintentional, Defendant Butler's "chronology" paints Defendant Fenton as someone who repeatedly tried to "stay" the arbitration proceedings. Motion to Dismiss, Page 8. This is a misuse of words. The fair housing case pending in Federal court was "stayed" pending arbitration. In other words, Ms. Davis had to complete arbitration before she could return to Federal court. Ms. Davis, not any defendant, asked for various stays until she could talk to her lawyer. The Motion to Dismiss must be denied.

**IV.     Ms. Dudley Adequately Pleads that Mr. Butler Verbally Abused Her and Verbally Assaulted Her; Her Allegations State a Claim for Retaliation, Intimidation, and Interference, and the Motion to Dismiss Must be Denied.**

Defendant Butler characterized Ms. Dudley's allegations in Paragraphs 25 and 26, regarding various degrading and humiliating statements he directed to her, as petty and unprofessional and even "non-Federal" (Motion to Dismiss, Page. 12). However, Ms. Dudley has properly pleaded that Defendant Butler made degrading comments about having to watch her eat. These comments occurred because Defendant Butler's behavior, not timely submitting arbitration exhibits, caused Ms. Dudley to forgo lunch to review exhibits. Defendant Butler further snapped snide orders to Ms. Dudley rather than objecting to her questions during examination of his client at the arbitration. Ultimately, he unleashed a verbal assault upon her in the hallway of the Markham courthouse when Ms. Dudley confronted him about an intimidating and retaliatory letter he sent to another attorney participating in the fair housing case, Paul Luka.

Defendant Butler directed insulting, degrading, and abusive language to Ms. Dudley in violation of 42 U.S.C. § 3617. The Motion to Dismiss must be denied.

**V.     The Court has Jurisdiction.**

At various points, Defendant Butler says there is lack of "jurisdiction." Motion to Dismiss, P. 2.

Ms. Dudley sets forth and correctly cites the basis for jurisdiction over her claim. Although Defendant fails to attach the pleading it attacks to its Motion to Dismiss, Ms. Dudley's jurisdictional allegation appears on (at least) Page 10 of her Complaint. She alleges a Federal cause of action, 42 U.S.C. § 3617. Jurisdiction attaches attaches because of the existence of a Federal question, under 28 U.S.C. §1331.

Further, U.S. District Court Chief Judge Ruben Castillo found jurisdiction where a Fair Housing Act claim was posited:

> Because Plaintiff alleges a violation of Section 3617, a federal statute, the Court finds that arising-under jurisdiction has been appropriately invoked. See United States v. Krilich,209 F.3d 968,973 (7th Cir. 2000) (finding subject matter jurisdiction where the suit charged "a violation of a federal statute which is within the federal courts' federal question jurisdiction"). Defendants may look elsewhere to try to establish that this claim fails on the merits, but Defendants fail to establish that this claim does not belong before this Court as a jurisdictional matter. *Davis v. Fenton*, _____ F. Supp. _____, (N.D. Ill. 2016).

Ms. Dudley has alleged a violation of the Fair Housing Act, and this Honorable Court has jurisdiction over the claim.

## CONCLUSION

For the reasons set forth above, Defendants' Motion must be denied.

/s/Kelli Dudley

Kelli Dudley
Plaintiff

Kelli Dudley
Law Office of Kelli Dudley
1658 North Milwaukee Avenue,
#100-8377
Chicago, Illinois  60647
Ph: 312-771-9770
Email: attorneykelli@sbcglobal.net
ID #6279068