UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLI DUDLEY,<br><br>      Plaintiff,<br><br>      v.<br><br>ERNEST B. FENTON, LAW OFFICES OF ERNEST B. FENTON, P.C., WILLIAM MOORE, BRANDON LOGGINS, KENDALL ANDERSON, BRIAN SNYDER, AND CLARENCE BUTLER,<br><br>      Defendants. | No. 15 C 11555<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelli Dudley brings this action against Defendants Ernest B. Fenton, the Law Offices of Ernest B. Fenton, William Moore, Brandon Loggins, Kendall Anderson, Brian Snyder, and Clarence Butler (collectively, "Defendants") alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq* (the "FHA"). Specifically, Dudley alleges that Defendants retaliated, intimidated, and interfered with her for exercising her rights under the FHA.

Currently before me are several motions to dismiss under rule 12(b)(6), separately filed by each of the Defendants. For the following reasons, Defendants' motions are granted.

### BACKGROUND

Plaintiff Kelli Dudley is a Chicago attorney who specializes in assisting clients with foreclosures through her Resistance Legal Clinic. Defendants are a law office, individual lawyers who work or previously worked at that office who perform the same function, or individual lawyers hired by the law office to assist with performing those functions.

Tonya Davis is an African-American woman who retained Ernest B. Fenton and his

1

law firm, the Law Offices of Ernest B. Fenton, in 2010 to represent her in a home foreclosure proceeding. Despite paying thousands of dollars, Davis alleged that Fenton and his law firm did absolutely nothing to help her keep her home. After losing her home, Davis sued Fenton and his law firm in 2013 and hired Kelli Dudley to represent her. This 2013 lawsuit will be referred to as the "Federal Action" and the defendants in this suit, the "Fenton Defendants." In the Federal Action, Davis claimed that the Fenton Defendants violated several state laws with their inadequate representation and that they also violated the FHA as well as the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, by targeting her for inferior service based on her race.

As the Federal Action progressed, relations between parties moved from adversarial to antagonistic. The Fenton Defendants filed sanctions against Dudley, which Dudley claims was an act of retaliation for representing Davis. On July 13, 2013, the Fenton Defendants moved to stay litigation and compel arbitration before Judge Ruben Castillo of the United States District Court for the Northern District of Illinois. On the same day, the Fenton Defendants filed a state claim in the Illinois Circuit Court of Cook County against Dudley and Andrew Sidea, her co-counsel. This lawsuit will be called the "State Action." In the State Action, the Fenton Defendants sought damages and injunctive relief, alleging Dudley had damaged them by unlawfully accessing and using privileged information, as well as making slanderous statements that damaged their professional reputations, leading to a loss of business. The allegations revolve around a Fenton client list the Fenton Defendants assert Dudley and/or her partner Sidea converted and an incident at a legal training event during which the Fenton Defendants claim Dudley defamed them.

On July 14, 2013, Dudley and Sidea filed a notice of removal in the State Action. Three days later, the Circuit Court of Cook County entered an ex parte preliminary injunction

against Dudley and Sidea, forbidding them from contacting any current or former clients of the Fenton Defendants. This injunction prevented Dudley and Sidea from talking to Davis as Fenton's former client. Meanwhile, U.S. District Judge Rebecca Pallmeyer concluded on January 3, 2014, that the case should be remanded to state court, *Fenton v. Dudley*, No. 13 C 5019, 2014 WL 144676, at *8 (N.D. Ill. Jan. 3, 2014), and the Seventh Circuit affirmed on August 1, 2014, *Fenton v. Dudley*,761 F.3d 770, 770-71 (7th Cir. 2014). After remand, the injunction in the State Action was lifted, the case was eventually dismissed with prejudice, and sanctions were awarded against Fenton and his law office.

Although it ultimately failed, the State Action resulted in a preliminary injunction that had a timely effect on the Federal Action as it went to arbitration. In February 2014, Judge Castillo granted the Defendants' motion to stay litigation and sent the matter to binding arbitration. Until the preliminary injunction was modified to allow Dudley to contact her client in July 2014, Dudley was forbidden to communicate with Davis and had to hire another attorney, Robert Newman, to represent Davis. After participating in the binding arbitration, the arbitrator denied the following of Davis's claims on February 3, 2015: violation of FHA 42 U.S.C. § 3604(b); prohibition of intimidation, retaliation, and interference under FHA 42 U.S.C. § 3617; and violation of the Civil Rights Act §§ 1981 and 1982. However, the arbitrator found that the Fenton Defendants committed attorney malpractice and breach of contract.

On July 17, 2015, Davis moved to reinstate the Federal Action, confirm the arbitration award, and sought leave to amend her complaint to add an additional claim under § 3617. Five days later, Judge Castillo granted the motion, confirmed the arbitration award, and entered a judgment against the Fenton Defendants in the amount of $82,528.10, plus interest for attorney malpractice and breach of contract. Davis filed an amended complaint to include the new § 3617

claim based on the Fenton Defendants filing the State Action against Dudley. On April 13, 2016, Judge Castillo dismissed the claim with prejudice for failure to state a cause of action. Judge Castillo found "the valid pursuit of legal rights in a court of law, even if it causes some inconvenience to an FHA litigant, does not constitute interference under Section 3617."

Although Davis's claim under § 3617 was dismissed under rule 12(b)(6), Dudley now attempts to bring a nearly identical claim on her own behalf against the Fenton Defendants, as well as Anderson, an associate of the Fenton Law Firm; Loggins and Snyder, both former associates of the Fenton law firm; and Butler, a private attorney retained by the Fenton law firm. Similar to Davis's § 3617 claim, Dudley alleges that the preliminary injunction that prevented her from talking to Davis was interference and that subsequent motions in the Federal and State Actions constituted attempts to retaliate against and intimidate Dudley for representing Davis against Fenton and his law offices. She alleges that these actions forced her to hire Newman to assist Davis and defend herself as an attorney. She also claims the events caused her severe emotional distress, losses to her clinic, and loss of standing in the legal community due to her unavailability for projects.

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim, but rather the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the

plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007).

## DISCUSSION

Dudley fails to set forth well-pleaded facts that allow me to accept as facially plausible her § 3617 claim. The Fair Housing Act's Retaliation provision provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. To prove retaliation under § 3617 in the Seventh Circuit, a plaintiff must show:

> (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate.

*Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (citing *East–Miller v. Lake County Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005). A plaintiff may show a defendant had a discriminatory intent "either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the McDonnell Douglas test." *East-Miller*, 421 F.3d 558 at 563.

Simply put, there is no retaliation without a protected activity, and Dudley cannot satisfy this element either on her own or relying on the Federal Action. Although Davis sufficiently pleaded the first and second elements in the Federal Action—as an African-American woman with a claim against attorneys failing to assist her in avoiding foreclosure—the arbiter in binding arbitration ultimately found that Davis was not engaging in activity protected

5

by the FHA. The arbitration order specifically dismissed these claims and Judge Castillo confirmed the decision. Thus, it has already been found that Dudley cannot satisfy element two because Dudley was not aiding or encouraging Davis to exercise or enjoy her fair housing rights. Consequently, Dudley cannot bring this claim on her own behalf.

Even if Dudley was a protected individual under the FHA engaging in the exercise or enjoyment of her fair housing rights, her claim would nonetheless fail because she has not sufficiently pleaded that Defendants coerced, threatened, intimidated, or interfered with Dudley on account of her protected activity under the FHA. Judge Castillo addressed this exact issue when he dismissed Davis's § 3617 claim in the Federal Action, and I agree with his reasoning:

> By Plaintiff's capacious reading of the FHA as prohibiting any actions that could complicate an FHA suit, a defendant could be liable under Section 3617 even for filing a counterclaim or mounting a vigorous defense. The FHA was intended to prevent and punish discriminatory housing practices, [] but this Court is unconvinced that it was intended to preemptively strip those accused of FHA violations of the right to vindicate their own legal rights . . . it is simply the inevitable result of a legal system constructed to adjudicate the varying, sometimes conflicting, interests of multiple parties.

*Davis v. Fenton*, 2016 U.S. Dist. LEXIS 50145, 22-23 (N.D. Ill. Apr. 13, 2016). In sum, activities inherent to the adversarial system such as seeking injunctions, filing suits, submitting affidavits, etc. go beyond what the FHA contemplated in § 3617. Furthermore, most § 3617 litigation addresses "direct, extralegal acts" such as cross-burning, firebombing, shootings, and physical assaults. *Id.* The acts that Dudley cites as interference and retaliation are not of the same ilk for which plaintiffs typically seek relief under § 3617. There are also serious policy concerns if I allow Dudley to allege that normal actions taken in lawsuits can amount to interference and retaliation. Dudley therefore fails to state a claim under § 3617, and I am dismissing this case.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and this case is dismissed.

ENTER:

*James B. Zagel*

James B. Zagel

United States District Judge

DATE: August 5, 2016